IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01532-BNB

DAVID L. JACKSON,

    Applicant,

v.

BLAKE R. DAVIS,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 24 2009

GREGORY C. LANGHAM
                 CLERK

---

ORDER OF DISMISSAL

---

Applicant, David L. Jackson, is in the custody of the United States Bureau of Prisons (BOP) and currently is incarcerated at USP Florence. Mr. Jackson initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. In an order entered on July 7, 2009, Magistrate Judge Boyd N. Boland directed Respondent to file a Preliminary Response limited to addressing the affirmative defense of exhaustion of administrative remedies. On July 27, 2009, Respondent filed a Preliminary Response. Mr. Jackson filed a Reply on August 10, 2009.

The Court must construe the Application and Reply liberally because Mr. Jackson is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the Application and dismiss the action.

Mr. Jackson challenges the BOP's use of the Inmate Financial Responsibility Program (IFRP) to require him to pay court-ordered restitution in his criminal case. Mr.

Jackson asserts that he has been improperly placed in the IFRP, which resulted in the imposition of unspecified sanctions against him by the BOP. Respondent asserts that Mr. Jackson has not exhausted his administrative remedies with regard to this claim.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. **See Williams v. O'Brien**, 792 F.2d 986, 987 (10th Cir. 1986). Furthermore, the exhaustion requirement is satisfied only through proper use of the available administrative procedures. **See Woodford v. Ngo**, 548 U.S. 81, 90 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function properly without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

The BOP administrative remedy procedure is available to Mr. Jackson. **See** 28 C.F.R. §§ 542.10–542.19. The administrative remedy procedure allows an inmate to "seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, an inmate first presents an issue of concern informally to prison staff in an attempt to resolve the issue. § 542.13. If an inmate is not able to resolve the issue informally he files a formal administrative remedy request, usually with the warden of the facility where he is incarcerated. § 542.14. If the inmate is not satisfied with the warden's response he may file an appeal with the appropriate regional director, and if he is not satisfied with the regional director's response he may file an appeal with the general counsel. § 542.15. An appeal to the general counsel is the final administrative appeal. *Id.*

Respondent asserts that Mr. Jackson failed to exhaust his administrative remedies because he did not complete the administrative appeal process. Respondent

provides documentation to prove that Mr. Jackson has filed only one administrative remedy, AR # 4158975, related to the issue he raises here. Respondent states that Mr. Jackson filed an institutional level remedy (BP-9) on June 6, 2006, which was denied on June 23, 2006. Prelim. Resp. at Ex. A, p. 6. Mr. Jackson then appealed this denial to the regional level (BP-10) on July 3, 2006, which was denied on August 8, 2006. *Id.* Mr. Jackson appealed this denial to the national level (BP-11) on August 21, 2006, which was rejected on August 30, 2006. *Id.* His appeal was rejected on the grounds that he "did not provide a copy of the regional appeal, or a receipt, or . . . a verified photocopy." *Id.* Mr. Jackson was also informed that he "may resubmit [his] appeal in the proper form within 15 days of the date of this rejection notice." *Id.* at 7.

Respondent asserts that Mr. Jackson did not resubmit his BP-11 remedy until May 21, 2007, approximately eight months after it was rejected. *Id.* The appeal was rejected as untimely, and Mr. Jackson was informed that he needed to "provide staff verification on BOP letterhead documenting that the untimely filing of this appeal from 8/6 to 5/7 was not [his] fault." *Id.* Respondent argues that Mr. Jackson failed to resubmit his rejected appeal with verification that the delay was not his fault, and therefore, has failed to exhaust his administrative remedies with regard to the issue he raises here. *Id.*

Mr. Jackson has filed a reply in which he asserts that his attempts to exhaust his administrative remedies were thwarted by prison officials. He argues that after filing his BP-10 remedy, he received a receipt on July 11, 2006, which provided for a response by August 2, 2006. Reply at 2; Ex. 2. Mr. Jackson asserts that he did not receive a response or notice of extension of time for his BP-10 remedy by August 2, 2006, so on

3

August 11, 2006, he filed his BP-11 remedy, pursuant to 28 C.F.R. § 542.18. *Id.* at 2. This regulation provides, in part, that the absence of a response from prison officials within the given time frame may be considered a denial of the administrative remedy. *See* 28 C.F.R. § 542.18. However, Mr. Jackson states that on August 23, 2006, he received a notice of extension of time for a response to the BP-10 remedy, dated August 19, 2006. *Id.* at Ex. 4. He further agrees that he received a denial of his BP-11 remedy, dated August 30, 2006, but asserts that beginning September 1, 2006, he was transferred between several different facilities and also placed in the special housing unit (SHU), which prevented him from accessing his legal materials and filing a timely appeal. *Id.* at 4. Mr. Jackson has provided documentation which demonstrates that he was indeed in the SHU during this time frame, and was denied access to his legal materials. *Id.* at Ex. 8 & 9.

Therefore, Mr. Jackson asserts that BOP prison officials failed to follow their own regulations when the regional office was untimely in responding to his BP-10 remedy, and that he has exhausted the administrative remedies available to him. *Id.* at 4-5. Nonetheless, Mr. Jackson fails to explain why he did not submit this same documentation to prison officials, when his May 21, 2007 BP-11 remedy was rejected as untimely and he was directed to resubmit the appeal with verification that the delay was not his fault. Although it appears that the BOP was indeed untimely in failing to respond to Mr. Jackson's BP-10 remedy or provide notice of an extension of time by August 2, 2006, Mr. Jackson may not exhaust "administrative remedies by, in essence, failing to employ them." *See Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002). Mr. Jackson failed to complete the administrative remedy process by failing to

4

resubmit his BP-11 appeal with the proper documentation. Accordingly, he has failed to exhaust his administrative remedies with regard to the issue he raises here.

Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice for failure to exhaust administrative remedies.

DATED at Denver, Colorado, this 23 day of Sept., 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01532-BNB

David L. Jackson
Reg. No. 27944-013
USP - Florence
PO Box 7000
Florence, CO 81226

I hereby certify that I have mailed and a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/24/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk